IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER BROWN,

    Plaintiff,                      No. 2:11-cv-2128 WBS JFM (PC)

    vs.

CORRECTIONAL SERGEANT
D. SWAN, et al.,                      ORDER

    Defendants.
_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On June 8, 2012, defendants filed a motion to compel discovery responses. Defendants seek to compel plaintiff to respond to interrogatories and a request for production of documents served by defendant Swan on March 13, 2012. Plaintiff has not responded to the outstanding discovery, has not sought an extension of time to do so, and has not opposed the motion to compel. Good cause appearing, defendants' motion will be granted. Plaintiff will be directed to serve responses to the outstanding discovery within forty-five days from the date of this order. Plaintiff is cautioned that failure to comply with this order may result in a recommendation that plaintiff's claims against defendant Swan be dismissed.

        On July 23, 2012, plaintiff filed a motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent

1  indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298
2  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of
3  counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir.
4  1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the
5  court does not find the required exceptional circumstances.  Plaintiff's motion for the
6  appointment of counsel will therefore be denied.

7  Finally, on August 13, 2012, defendants filed a motion to again modify the
8  deadlines for completion of discovery and filing of dispositive motions.[1]  Defendants seek the
9  modification in light of their outstanding motion to compel and the outstanding discovery that is
10  the subject of the motion, as well as the appearance of defendant California Department of
11  Corrections and Rehabilitation (CDCR) on June 5, 2012, after expiration of the original
12  discovery deadline set in the scheduling order filed February 7, 2012.  Good cause appearing,
13  defendants motion will be granted and the court will, concurrently with this order, issue a second
14  revised scheduling order.

15  In accordance with the above, IT IS HEREBY ORDERED that:

16  1. Defendants' June 8, 2012 motion to compel is granted.

17  2. Within forty-five days from the date of this order plaintiff shall serve responses
18  to defendant Swan's interrogatories and request for production of documents.  Failure to comply
19  with this order may result in the dismissal of plaintiff's claims against defendant Swan.

20  3. Plaintiff's July 23, 2012 motion for appointment of counsel is denied.

/////
/////
/////
/////

---

[1] The deadlines set in the original scheduling order, filed February 7, 2012, were modified in a revised scheduling order filed May 22, 2012.

1  4. Defendants' August 13, 2012 motion to modify the scheduling order is
2  granted. A second revised scheduling order will issue concurrently with this order.
3  DATED: August 23, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12/md;brow2128.o2